RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
6/1/15
yr

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUIS VERNON JACKSON | DOCKET NO. 15-cv-923; SEC. P |
| VERSUS | JUDGE DRELL |
| CITY OF NATCHITOCHES, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed on March 25, 2015, by pro se Plaintiff Louis Vernon Jackson. Plaintiff was granted leave to proceed *in forma pauperis* on April 6, 2015. Plaintiff is incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that his arrest and subsequent detention are unlawful, and he seeks monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Factual Allegations*

Plaintiff filed four civil suits in this Court in March, 2015, one pursuant to 28 U.S.C. §2241, and three pursuant to 42 U.S.C. §1983. In the above-captioned suit, Plaintiff claims that his arrest was unlawful, as is his continued detention.

Plaintiff alleges that on May 9, 2014, he was arrested for aggravated rape. Plaintiff alleges that the arrest was "without a warrant, statutory authority or any legal process." [Doc. #1, p. 4]

However, Plaintiff submitted a copy of the arrest warrant for aggravated rape, dated May 2, 2014, thereby negating his factual allegation. [Doc. #5, p.17] Plaintiff alleges that he did not have a probable cause hearing within the time provided by law.

Plaintiff claims that, on July 21, 2014, he was also arrested for aggravated burglary, without a warrant or probable cause. Yet, Plaintiff negates that allegation by providing this Court with a copy of a warrant for his arrest on the charge of aggravated burglary. [Doc. #5, p.20]

Plaintiff also claims that there was no warrant for his arrest for a parole violation. However, he provided a copy of a warrant dated May 20, 2014, for Plaintiff's arrest and detention for violating the conditions of his parole. [Doc. #5, p.8] The Parole Board decided to postpone the revocation hearing until after the disposition of the pending criminal charges, but informed Plaintiff that he could request a revocation hearing at any time. [Doc. #5, p.9]

Plaintiff alleged that an arraignment took place on August 8, 2014, without an assistant district attorney present, and without Plaintiff being present. [Doc. #1, p.7] However, Plaintiff submitted a copy of court minutes reflecting that a video arraignment took place on August 8, 2014, at which Assistant District Attorney Billy Harrington appeared representing the State, and Plaintiff appeared by video from NPDC, along with his appointed

counsel, David Williams. [Doc. #5, p.51]

*Law and Analysis*

1.   **Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are

"fanciful,"[1] "fantastic,"[2], and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2.  **Arrest by Sgt. Williams and Sgt. Townson**

Plaintiff complains that he was arrested and imprisoned in violation of his constitutional rights. To prevail on a §1983 claim for false arrest and false imprisonment, the plaintiff must first show that the officers did not have probable cause to arrest him. See Haggerty v. Texas Southern Univ., 391 F.3d 653, 655-56 (5th Cir. 2004); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001)("The 'constitutional torts' of false arrest... and false imprisonment... require a showing of no probable cause."); see also Maier v. Green, 485 F.Supp.2d 711 (W.D.La. 2007)(citations omitted). The plaintiff also has to show that he suffered an injury as a result of the false arrest.  Additionally, to prove false imprisonment, the plaintiff has to prove that the defendant acted with the intention of confining, that the defendant's acts directly or indirectly resulted in such confinement, that the confinement was unlawful,

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

4

and that the plaintiff was conscious of the confinement or was actually harmed by it. See Green v. Tilley, 2006 WL 220847 (W.D.La. 2006).

Although Plaintiff alleged that his arrests were without a warrant, he submitted documents proving otherwise. He submitted a warrant for his arrest for aggravated rape, dated May 2, 2014 [Doc. #5, p.17], and a warrant for his arrest on the charge of aggravated burglary, dated July 20, 2014 [Doc. #5, p.20]. He also submitted a copy of the warrant for Plaintiff's arrest and detention for violating the conditions of his parole, dated May 20, 2014. [Doc. #5, p.8]

"Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." Maier v. Green, 485 F.Supp.2d 711 (W.D.La. 2007), citing Rodriguez v. Ritchey, 556 F.2d 1185 (5th Cir.1977); Baker v. McCollan, 443 U.S. 137, 139 (1979); Simon v. United States, 644 F.2d 490 (5th Cir.1981); Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir.), *cert. denied*, 459 U.S. 1005 (1982). "[U]ndisputed evidence that an arrest was effectuated under a **facially valid arrest warrant** satisfies the Fourth Amendment prerequisites and forecloses a §1983 claim for false arrest." Id. (Emphasis added)(citing Casanova v. City of Brookshire, 119 F.Supp.2d 639, 652 (S.D.Tex.,2000)(citations omitted). The warrants submitted by Plaintiff are facially valid. Thus, Plaintiff has failed to allege a constitutional violation.

5

Moreover, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim under §1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.) Plaintiff is confined because he was arrested on warrants charging him with two felony offenses, and he is ineligible for bail because of a warrant for an alleged parole violation. In other words, the grounds supporting Plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the invalidity of both his past and present confinement, Heck bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement. As such, his claims for damages are frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.")

3. **Immunity from Suit**

Plaintiff names as defendants several judges and assistant district attorneys (Dee Anne Hawthorne, LaLa Brittian Sylvester,

Amanda McClung, Roger Harrington), as well as his public defender, David Williams, and various members of the Department of Probation and Parole.

Plaintiff's claims for monetary damages against the assistant district attorneys are barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

Likewise, Plaintiff's claim for monetary damages against Judges Hawthorne and Harrington are barred by the doctrine of judicial immunity. See Pierson v. Ray, 386 U.S. 547, 553-554 (1967)(this immunity applies even when the judge is accused of acting maliciously and corruptly).

Plaintiff's claim for monetary damages against his public defender, David Michael Williams, should be dismissed, as well. To prevail on a civil rights claim, an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. §1983; Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995). Under the "color of law" requirement, the defendants in a §1983

7

action must have committed the complained-of acts in the course of their performance of duties and misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. See United States v. Classic, 313 U.S. 299, 325 (1941); Screws v. United States, 325 U.S. 91, 110 (1944)(plurality opinion). Private attorneys, including public defenders, are not state actors within the meaning of §1983. See Polk County v. Dodson, 454 U.S. 312, 321-22 (1981). Plaintiff alleges that his court-appointed attorney violated his civil rights by failing to properly assist him as counsel, particularly at an arraignment on August 8, 2014. Plaintiff has failed to show that his attorney was a state actor or that he was acting under color of law at the time he allegedly violated plaintiff's rights.

Moreover, although Plaintiff complains that he had no arraignment on August 8, 2014, his submission to this Court indicates otherwise. Court Minutes submitted by Plaintiff from the Tenth Judicial District Court, Natchitoches Parish, indicate that a video arraignment was conducted on August 8, 2014, at which Billy Harrington represented the State, and Plaintiff appeared via video from the NPDC, along with his attorney Mr. Williams. [Doc. #5, p.51]

Finally, Plaintiff's claim for damages against Probation and Parole employees G. Dwain Spillman, Sherry Varnell, and Melissa

Murray, all fail, as well. Plaintiff claims that these defendants wrongfully asked the Judge to hold Plaintiff as a parole violator. [Doc. #1, p.5] He claims that Varnell never obtained a warrant and failed to remove a detainer. However, Plaintiff submitted a copy of the Warrant [Doc. #5, p.8], Notice of Preliminary Hearing [Doc. #1, p.10], and Bill of Particulars as to the alleged parole violations [Doc. #1, p.12]. Regardless, parole board members are absolutely immune from suit in the exercise of their decision-making powers. See Hulsey v. Owens, 63 F.3d 354 (5th Cir. 1995) (citing Walrath v. U.S., 35 F.3d 277, 281 & n. 2.); see also Littles v. Bd. of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir.1995) (per curiam); Cruz v. Skelton, 502 F.2d 1101, 1102 (5th Cir. 1974)(granting absolute immunity to parole board members when they are "engaged in the performance of quasi-judicial duties"); . Alternatively, the parole office employees would be entitled to qualified immunity for their actions.

4. **Sheriff Jones**

Plaintiff names as a defendant Sheriff Victor Jones. It appears that Plaintiff is claiming that Jones wrongfully detained him pursuant to he Probation and Parole warrant. As noted above, Plaintiff was arrested on a warrant. Such an arrest presupposes a finding of probable cause on the part of the judge or magistrate who issued the warrant. See State v. Hughart, 34,243, 34,248 (La.App. 2 Cir. 7/20/00), 2000, 801 So.2d 388 (Art. 230.2 governing

probable cause determinations for persons arrested without a warrant is inapplicable in those cases where the defendant was arrested on a warrant since a finding of probable cause by a judge was required in order for the arrest warrants to issue in the first place.) In other words, Plaintiff has not shown a violation of art. 230.2. Even if he had presented such a violation, he has not shown a violation of the Constitution or laws of the United States, which is required to state a claim under §1983.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE pursuant to** 28 U.S.C. §1915(e)(2)(B) and 1915A, as frivolous, failing to state a claim for which relief may be granted, and seeking monetary relief against a defendant who is immune from such relief.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge**

is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 31st day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE